Charles L. DAVIS and Arthur J. Lewis, Plaintiffs,

v.

Melvin D. SYNHORST, Secretary of State of Iowa, et al., Defendants.

Civ. No. 5–1289.

United States District Court
S. D. Iowa,
Central Division.

March 27, 1964.

Harry H. Smith, Sioux City, Iowa, Robert F. Wilson, Cedar Rapids, Iowa, C. A. Frerichs, Waterloo, Iowa, for plaintiffs Charles J. Davis and Arthur J. Lewis.

Evan Hultman, Atty. Gen., Wilbur N. Bump, Sol. Gen., Des Moines, Iowa, for defendants Melvin D. Synhorst, et al.

R. E. Killmar, W. W. Reynoldson, Edward T. Harvey, Jr., J. Robert Hard, of Killmar, Reynoldson & Harvey, Osceola, Iowa, for defendants Dean D. Hill, George T. Nickels, and Albert Drake.

Richard C. Turner, Council Bluffs, Iowa, D. C. Nolan, Iowa City, Iowa, A. V. Doran, Boone, Iowa, for intervenors John L. Campbell, et al.

Before VAN OOSTERHOUT, Circuit Judge and STEPHENSON, and McMANUS, Chief Judges.

PER CURIAM.

Defendants, appearing by the Attorney General of Iowa, request a determination of whether the apportionment statute entitled Senate File 1 recently enacted by the 60th General Assembly of Iowa, convened in special session February 24, 1964 and signed by the Governor of the State of Iowa, meets Federal Constitutional standards. Prior to enactment of this apportionment statute serious malapportionment existed in the Iowa General Assembly. 27.4% of the population of Iowa elected a majority of the members of the House of Representatives. The maximum disparity in population between representative districts was 18 to 1 (taking into consideration the largest county had 2 representatives). 35.6% of the population elected the majority of the members of the Senate. The maximum disparity in population between senatorial districts was 9 to 1. Davis v. Synhorst, D.C., 217 F. Supp. 492 (1963). This Court held that certain provisions of the Constitution of the State of Iowa and statutes enacted pursuant thereto were invidiously discriminatory and prospectively invalid as to all future elections to the General Assembly of the State of Iowa. This Court abstained from taking further action pending possible action by a Special Session of the General Assembly. Davis v. Synhorst, D.C., 225 F.Supp. 689 (1964).

In Senate File 1 the malapportionment in both houses of the General Assembly has been materially reduced. Approximately 48.3% of the population can elect a majority of the members of the House of Representatives.[1] The maximum disparity in population between representative districts is approximately 2.23 to 1. Approximately 38.9% of the State's population can elect a majority of the members of the Senate. The maximum disparity in population between senatorial districts is approximately 3.20 to 1 (adjustment is made for the multiple representative districts).

The Court finds that substantial progress in correcting malapportionment in the General Assembly has been made by the enactment of Senate File 1. The large variance in population between the largest county, Polk, with a population of 266,315 and Adams County, with a population of 7,468, together with the Iowa constitutional prohibition against districting within a county, complicates the task of population apportionment. Apportionment by legislative process is highly desirable. This Court should not intervene except under the most compelling circumstances. In the absence of further guidance from the Supreme Court of the United States, this Court is of the opinion that Senate File 1 is not so objectionable on federal constitutional grounds as to warrant disapproval as an interim plan of apportionment.

[1]. This percentage figure varies depending on the counties used in computing the percentages. For instance, see plaintiffs' exhibit 400 which indicates 44.02% of the population can elect 50% of the representatives.

It is hereby ordered and adjudged that Senate File 1 recently enacted by the 60th General Assembly of the State of Iowa, convened in Special Session, is hereby approved as an interim plan of apportionment.