SCRANTON, GOVERNOR OF PENNSYLVANIA, ET
AL. *v.* DREW ET AL.

No. 201. Decided November 16, 1964.

*Walter E. Alessandroni,* Attorney General of Pennsylvania, and *Edward Friedman* and *Alan Miles Ruben,* Deputy Attorneys General, for appellants. *Marvin Comisky, Thomas D. McBride, Goncer M. Krestal* and *Marshall J. Seidman* for appellees.

PER CURIAM.

The judgment of the District Court appealed from was entered on April 9, 1964, 229 F. Supp. 310 (D. C. M. D. Pa.). The District Court held invalid under the Fourteenth Amendment to the United States Constitution, the Pennsylvania Representative Apportionment Act of January 9, 1964, P. L. 1419, 25 Purdon's Pa. Stat. Ann. §§ 2221–2222 (1963 Supp., including Acts of the 1963 Extra Session), the Pennsylvania Senatorial Apportionment Act of January 9, 1964, P. L. 1432, 25 Purdon's Pa. Stat. Ann. §§ 2217–2220 (1963 Supp., including Acts of the 1963 Extra Session), and the Pennsylvania Constitution's legislative apportionment provisions, Art. II, §§ 16, 17. The court restrained appellants from conducting any future elections under the apportionment acts, but stayed its order pending the disposition of an appeal to this

Court. Thereafter on June 15, 1964, this Court decided *Reynolds* v. *Sims*, 377 U. S. 533, and companion cases: *WMCA, Inc.* v. *Lomenzo*, 377 U. S. 633; *Maryland Comm. for Fair Representation* v. *Tawes*, 377 U. S. 656; *Davis* v. *Mann*, 377 U. S. 678; *Roman* v. *Sincock*, 377 U. S. 695; *Lucas* v. *Forty-Fourth General Assembly of Color ido*, 377 U. S. 713. On September 29, 1964, the Supreme Court of Pennsylvania handed down a decision construing the legislative apportionment provisions of the Pennsylvania Constitution, and holding these provisions constitutional as construed. The court, however, declared invalid, under the Fourteenth Amendment to the United States. Constitution, the Pennsylvania legislative apportionment laws at issue in this appeal. *Butcher* v. *Bloom*, 415 Pa. 438, 203 A. 2d 556. The Pennsylvania court retained jurisdiction of the case, stating:

"We have indicated that it is our expectation that the Legislature will proceed in timely fashion to enact reapportionment laws which conform to constitutional requirements. We must recognize, however, that if the General Assembly fails to act in a timely fashion, we shall be obliged to take necessary affirmative action to insure that the 1966 election of Pennsylvania legislators will be conducted pursuant to a constitutionally valid plan. Proper regard for our responsibility compels us to retain jurisdiction of this matter pending legislative action.

"Should the Legislature fail to enact a constitutionally valid plan of reapportionment as soon as practical, but not later than September 1, 1965, we shall take such action as may be appropriate in light of the then existing situation.

"Jurisdiction retained in accordance with this opinion." *Id.*, at 468–469, 203 A. 2d, at 573.

The judgment of the District Court is therefore vacated and the cause is remanded for further consideration in light of the decisions supervening since the entry of the judgment of the District Court.

*Vacated and remanded.*