ELIZABETH KRUIDENIER et al., appellants, v. W. E. McCULLOCH, Auditor of Polk County, Members of the Executive Council of State et al., appellees.

No. 51879.

(Reported in 136 N.W.2d 546)

1316

AUGUST 23, 1965.

Herrick, Langdon, Sandblom & Belin, of Des Moines, for appellants.

Lawrence F. Scalise, Attorney General, and Timothy McCarthy, Solicitor General, for appellees.

THORNTON, J.—This appeal presents a narrow preliminary issue of a reapportionment case.

The trial court sustained defendants' special appearance. The special appearance was based on the pendency of a similar suit in the United States District Court for the Southern District of Iowa. Davis v. Synhorst, 217 F. Supp. 492 (1963), 225 F. Supp. 689 (1964), (affirmed, Hill v. Davis, 378 U. S. 565, 84 S. Ct. 1918, 12 L. Ed.2d 1037), 231 F. Supp. 540 (1964); Davis v. Cameron, 238 F. Supp. 462 (1965).

The sustaining of the special appearance was error.

I. Plaintiffs bring this action as a class action. They are citizens and qualified voters of Cedar, Chickasaw and Polk Counties, Iowa, one a state senator, another a state representative. Defendants are public officials charged with duties relative to elections in Iowa.

Plaintiffs' petition, as amended, in seven divisions attacks the constitutionality of the temporary reapportionment plans adopted by the Sixtieth General Assembly and Sixty-first General Assembly as in violation of sections 1, 2 and 6 of Article I of the Iowa Constitution and Amendment 14 to the United States Constitution. Constitutional questions are raised as to sections 34, 35, 36 and 37 of Article III of the Iowa Constitution and as to multimember districts. The relief sought is to obtain plaintiffs' view of fair apportionment.

In the federal case the plaintiffs are persons other than the plaintiffs here. The federal plaintiffs are residents and qualified voters of Polk County, Iowa. They too brought their action as a class action on behalf of all Iowa voters similarly situated.

For practical purposes the defendants in each case are the same.

State courts of general original jurisdiction have the duty to hear and determine cases properly before them. Such courts may not deny relief to persons properly before them to the extent to which they are entitled and the courts have power to afford under the circumstances.

On June 1, 1965, in Scott v. Germano, 381 U. S. 407, 85 S. Ct. 1525, 14 L. Ed.2d 477, the United States Supreme Court has specifically pointed out state courts have jurisdiction of reapportionment cases and stated at page 1527 of 85 S. Ct., "* * * appropriate action by the States in such cases has been specifically encouraged.", citing the following: State of Maryland Committee for Fair Representation v. Tawes, 377 U. S. 656, 676, 84 S. Ct. 1429, 1440, 12 L. Ed.2d 595 (1964); City of Scranton v. Drew, 379 U. S. 40, 85 S. Ct. 207, 13 L. Ed.2d 107 (1964), citing Butcher v. Bloom, 415 Pa. 438, 203 A.2d 556 (1964); Jackman v. Bodine, 43 N. J. 453, 205 A.2d 713, 724 (1964). See also Kidd v. McCanless, 200 Tenn. 273, 292 S.W.2d 40 (1956), and discussion thereof in Baker v. Carr, 369 U. S. 186, 235, 236, 82 S. Ct. 691, 719, 720, 7 L. Ed.2d 663 (1962).

See also People ex rel. Engle v. Kerner, 32 Ill.2d 212, 225, 205 N.E.2d 33, 41; State ex rel. Reynolds v. Zimmerman, 22 Wis.2d 544, 126 N.W.2d 551; Davis v. McCarty, 388 P.2d 480 (Okla. 1964); White v. Anderson, Colo., 394 P.2d 333; Guntert

v. Richardson, Hawaii, 394 P.2d 444; In re Orans, 15 N. Y.2d 339, 206 N.E.2d 854; Scholle v. Hare, 367 Mich. 176, 116 N.W. 2d 350; and Scholle v. Hare, 369 U. S. 429, 82 S. Ct. 910, 8 L. Ed.2d 1.

In People ex rel. Engle v. Kerner, supra, at page 41 of 205 N.E.2d, the Illinois court points out it is evident the underlying principle that State courts should be given priority in resolving similar questions was a factor motivating Congress in the enactment of subparagraph (5), section 2284, Title 28, U. S. C. A.

 The Solicitor General in his brief on behalf of the defendants recognizes the above authorities but urges it is within the legal discretion of the trial court to refuse to interfere while the subject matter of the action was still pending in the Federal District Court, that the court could properly refrain from exercising its equity jurisdiction. We disagree with this contention principally on the basis of the cases cited above. Those cases demonstrate the duty of the state courts to resolve the apportionment problems of the respective states. The authorities cited by the Solicitor General are not apportionment cases. Rogers v. Guaranty Trust Company of New York, 288 U. S. 123, 131, 53 S. Ct. 295, 298, 77 L. Ed. 652, 657, 89 A. L. R. 720, 725 (1933), is a suit brought in the federal courts of New York by a stockholder to cancel stock issued by a corporation organized in New Jersey. The United States Supreme Court there said "that jurisdiction will be declined whenever considerations of convenience, efficiency and justice point to the courts of the State of the domicile as appropriate tribunals for the determination of the particular case." If this case indicates anything it is priority in state courts.

The same is true of Monamotor Oil Co. v. Johnson, 3 F. Supp. 189 (S. D., Iowa, 1933), at page 197, where Judge Dewey said, "* * * we feel that the questions raised by the claimant in this suit should be determined in so far at least as they do not interfere with the issues raised by the state in the suit now pending in the district court of Pottawattamie county, Iowa."

First Methodist Episcopal Church v. Hull, 225 Iowa 306, 280 N.W. 531, deals with the priority of the probate court over an estate pending therein. Hannahs v. McKinney, 241 Iowa 153,

39 N.W.2d 313, deals with priority between the district court at Keokuk and at Fort Madison in Lee County. The other authorities cited by defendants are likewise not in point.

■ We believe the true rule in reapportionment matters to be that federal courts should grant priority to state courts acting promptly. Subparagraph (5), section 2284, Title 28, U. S. C. A., and Scott v. Germano, supra, at pages 1526, 1527 of 85 S. Ct. And that the district court and this court must give way on federal questions finally decided in Davis v. Synhorst, 225 F. Supp. 689 (S. D., Iowa, 1964), and affirmed in Hill v. Davis, 378 U. S. 565, 84 S. Ct. 1918, 12 L. Ed.2d 1037. And the federal courts defer to us on state questions, Forty-fourth General Assembly of Colorado v. Lucas, 379 U. S. 693, 85 S. Ct. 715, 13 L. Ed.2d 699, and White v. Anderson, Colo., 394 P.2d 333, 334.

It should be pointed out the question of "acting promptly" may be resolved by the federal court. Forty-fourth General Assembly of Colorado v. Lucas, supra, 85 S. Ct. 715. And the federal court may enforce its judgments, Title 28, U. S. C. A., section 2283.

■ II. Plaintiffs ask us at this preliminary stage to decide two questions. The first is, that the 1964 and 1965 temporary plans are unconstitutional in that they provide for 59 and 61 senators and section 35 of Article III of the Iowa Constitution provides for a senate composed of 50 members; or in the alternative that sections 34, 35, 36 and 37 of Article III of the Iowa Constitution are inseparable and void. The second is, that single member districts in the General Assembly are required by the Bill of Rights and particularly section 6 of Article I of the Iowa Constitution.

Plaintiffs urge us to decide these questions now because the issues are of great public importance and the time element involved. We agree the issues are of great public importance. As to the time element we may say the 1964 plan was adopted by the Sixtieth General Assembly convened in special session February 24, 1964, and approved as a temporary plan by the Federal District Court March 27, 1964, Davis v. Synhorst, 231 F. Supp. 540. These plaintiffs could have raised the same questions by an

action similar to this or intervention in the Federal Court at any intervening time.

We decline to consider these questions at this time. At this stage of the case the defendants have not had an opportunity to move or plead to plaintiffs' petition. The defendants may or may not have affirmative defenses, they may wish to introduce evidence on either of the two propositions.

We have examined the authorities cited by plaintiffs in support of their request to consider these questions at this stage. We do not find in any of these cases, where the jurisdiction of the reviewing court was solely appellate, that the propositions decided had not in some manner been tried below.

The judgment of the trial court is reversed and remanded with directions to give this case first priority, it should be tried at the earliest possible date.—Reversed and remanded with directions.

All JUSTICES concur.