Frank C. GRADISCHNIG, Donald R. Hoffman, and Shirlee M. Burgess, Appellants,

v.

POLK COUNTY, Iowa Board of Supervisors, Ralph Tapscott, District 1, Orville Armstrong, District 2, William Fortune, District 3, B. E. Newell, District 4, Carl Gavin, District 5, and William McCulloch, Polk County Auditor, Appellees.

No. 53252.

Supreme Court of Iowa.

Jan. 14, 1969.

tion to dismiss was sustained by trial court and plaintiffs appeal. We reverse.

I. Upon entry of dismissal order plaintiffs did not plead over within the time permitted by rule 86, Rules of Civil Procedure, from which it follows they elected to stand on the record. Thus the order became a final adjudication. Hosfelt v. Lacey, Iowa, 160 N.W.2d 519, 520.

II. The factual grounds of a motion to dismiss because a petition does not state a cause of action must be found in the pleading, such motion being limited to failure to state *any* claim upon which *any* relief can be granted. Newton v. City of Grundy Center, 246 Iowa 916, 919–920, 70 N.W.2d 162. See also In re Lone Tree Com. School Dist. of Johnson & Louisa, Iowa, 159 N.W.2d 522, 525.

And without question defendants' motion, for the purpose of testing legal sufficiency of the petition, admits all well pleaded facts, and all inferences which may be drawn therefrom, construed in a light most favorable to plaintiffs. Wright v. Thompson, 254 Iowa 342, 347, 117 N.W.2d 520.

III. There is no need to unduly extend this opinion by repeating at length all allegations contained in the pleading and motion here concerned.

In brief, plaintiffs allege they are resident citizens and voters in Polk County; as such they bring this as a class action; one supervisor is elected in each of five districts, each district having a 1960 Census population varying from a low of 9,205 to a high of 127,164; that this is invidiously discriminatory, being violative of Amendment 14, United States Constitution and Article 1, Section 6, Constitution of Iowa. They ask for declaratory judgment finding and adjudging the county supervisor districts are unconstitutionally apportioned according to population; and the board be ordered to reapportion the county so each district will have an essentially

Richard L. Pinegar and Norman G. Jesse, Des Moines, for appellants.

Ray A. Fenton, Polk County Atty., and J. R. McManus, Des Moines, for appellees.

RAWLINGS, Justice.

As citizens, residents, voters and taxpayers, plaintiffs brought this class action for declaratory judgment, and mandatory relief, alleging invidious voter discrimination in the existing Polk County Supervisor Districts. Defendants' pleading-based-mo-

equal population or for election at large of all supervisors.

The motion to dismiss is in three divisions asserting in substance: First, the action is premature in that the pleading fails to disclose any prior statutorily provided demand, by petition or otherwise, has ever been made upon the board to reapportion the various supervisor districts; and the court is without jurisdiction to grant mandatory relief. Second, plaintiffs have no standing or right to bring a class action. Third, the petition does not set forth sufficient facts disclosing existence of a justiciable controversy.

Trial court's order states only: "Defendants' Motion to Dismiss sustained on grounds alleged in Division I of Defendants' Motion to Dismiss."

As best we can determine the aforesaid ruling generally sustains Division I of defendants' motion which contains eight paragraphs. See in that regard rule 118, R. C.P.; Tice v. Wilmington Chemical Corp., 259 Iowa 27, 33, 141 N.W.2d 616, 143 N. W.2d 86; and Gorman v. Adams, 259 Iowa 75, 79, 143 N.W.2d 648.

At this stage of the litigation no question is presented as to truth of the allegations contained in the challenged pleading. The sole issue is whether plaintiffs are entitled to their day in court and an opportunity to prove they are denied equal voting rights under specified United States and Iowa constitutional provisions.

IV. At the outset we find no merit in defendants' contention to the effect plaintiffs have no standing to bring this as a class action.

Supporting that conclusion is Riter v. Keokuk Electro-Metals Co., 248 Iowa 710, 714–716, 82 N.W.2d 151, 154, where, after quoting rule 42, R.C.P., this court said in material part: "The character of the right involved is several and a common question of law or fact affects the several rights and a common relief is sought. Such a case is often referred to as a 'spurious' class suit, as distinguished from so-called 'true' and 'hybrid' class suits, authorized, respectively, by the first two subdivisions of the Rule. Various courts have said the spurious class suit is only a joinder device in which the rights of those not present are not bindingly adjudicated.

"* * *

"So in the case at bar, the statement in the petition that the suit was brought as a class action, etc., was merely an invitation to others in the class to intervene in the case. * * *

"However, it does not appear that any unnamed member of the so-called class accepted the invitation of plaintiffs to join them in the action. The plaintiffs named in the petition and defendant were the only parties to the action. Plaintiffs have represented no one other than themselves. It does not follow from this, that the court should have dismissed the action. The failure of others to join did not invalidate the action on behalf of the named plaintiffs." See also Baker v. Carr, 369 U.S. 186, 204–209, 82 S.Ct. 691, 703–705, 7 L. Ed.2d 663; Mandicino v. Kelly, Iowa, 158 N.W.2d 754; Meyer v. Campbell, Iowa, 152 N.W.2d 617, and Kruidenier v. McCulloch, 257 Iowa 1315, 136 N.W.2d 546.

It is thus evident plaintiffs' petition does serve to facially establish a lawfully recognized standing on their part to bring a class action in the instant case.

V. There can no longer be any doubt as to applicability of the "one man, one vote" principle to election of county supervisors. See Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L. Ed.2d 45; Mandicino v. Kelly and Meyer v. Campbell, both supra; Kruidenier v. McCulloch, 258 Iowa 1121, 142 N.W.2d 355, Cert.Den. 385 U.S. 851, 87 S.Ct. 79, 17 L.Ed.2d 80.

Furthermore, this court held in Mandicino v. Kelly, supra, loc. cit., 158 N.W.2d

765, Code section 39.19 violates Amendment 14 of the federal constitution and Article 1 of the Iowa Constitution in so far as it improperly limits the number of supervisors to be elected from any one geographical unit in the various counties of this state. See also Griffin v. Board of Supervisors, 60 Cal.2d 318, 33 Cal.Rptr. 101, 384 P.2d 421, 423-424.

■ VI. The question now to be resolved is whether plaintiffs are barred from having any judicial relief because of failure on their part to make prior demand upon defendant board, by petition or otherwise, to reapportion itself. See Code sections 331.1-331.11.

That issue was settled adverse to defendants by Lucas v. Forty-Fourth General Assembly of Colorado, 377 U.S. 713, 736, 84 S.Ct. 1459, 1473, 12 L.Ed.2d 632, with this pertinent statement: "Except as an interim remedial procedure, justifying a court in staying its hand temporarily, we find no significance in the fact that a nonjudicial, political remedy may be available for the effectuation of asserted rights to equal representation * * *. Courts sit to adjudicate controversies involving alleged denials of constitutional rights. While a court sitting as a court of equity might be justified in temporarily refraining from the issuance of injunctive relief in an apportionment case in order to allow for resort to an available political remedy, such as *initiative and referendum*, individual constitutional rights cannot be deprived, or denied judicial effectuation, because of the existence of a nonjudicial remedy through which relief against the alleged malapportionment, which the individual voters seek, might be achieved." See also Gomillion v. Lightfoot, 364 U.S. 339, 347-348, 81 S.Ct. 125, 130, 5 L.Ed.2d 110.

■ Manifestly no prefatory nonjudicial demand is essential as a fundamental basis for any legal action brought to secure effective recognition and enforcement of constitutionally mandated equal voting rights or privileges.

■ VII. Finally, rules 261-262, R.C.P., relative to declaratory judgments, must be accorded a liberal construction to effectuate their purpose in order to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. Lewis Consolidated Sch. Dist. of Cass County v. Johnston, 256 Iowa 236, 241-243, 127 N.W.2d 118.

■ It is to us apparent plaintiffs' petition alleges a denial of equal protection, which in turn serves to present a justiciable constitutional issue upon which they are entitled to be heard.

Stated otherwise, plaintiffs have asserted a violation of constitutional rights, and they, with all others similarly situated, are injured by being deprived of equal voting privileges. This is sufficient to disclose an existing justiciable controversy in which plaintiffs have a real and present interest.

In support of the foregoing see Baker v. Carr, supra, loc. cit., 369 U.S. 208-237, 82 S.Ct. 705-720, and Morris v. Fortson, D.C., 262 F.Supp. 93, 94.

Under these circumstances plaintiffs' right to mandatory relief need not be at this time considered. ·See Division II of this opinion, and Baker v. Carr, supra, at 369 U.S. 195-198, 82 S.Ct. 698-699.

We conclude plaintiffs' petition alleges sufficient ultimate facts upon which they should have been accorded their day in court. Trial court erred in holding otherwise.

This case must be accordingly reversed and remanded with instructions to set aside the order sustaining defendants' motion to dismiss, and to enter an order overruling said motion.

Reversed and remanded with instructions.

All Justices concur.