**Charles W. DAVIS by limited guardian, F. Robert DAVIS, Plaintiff-Appellant,**

**v.**

**CITY OF CLEVELAND d/b/a Cleveland Utilities and Bradley County, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Feb. 20, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

Paul H. Dietrich, Cleveland, Sidney Gilreath, Knoxville, for plaintiff-appellant.

Mike Callaway, Cleveland, for City of Cleveland.

Mayo Mashburn, Cleveland, for Bradley County.

## OPINION

RUSSELL, Special Judge.

In this case, the plaintiff, suing by his limited guardian, appeals the judgment of the Circuit Court of Bradley County granting summary judgment in favor of the defendants City of Cleveland d/b/a Cleveland Utilities and Bradley County.

This action arises out of the collision of a tractor-trailer and the vehicle driven by plaintiff at the intersection of State Highway 74 and Durkee Road, located about one-half mile outside the city limits of Cleveland in Bradley County. The driver and owner of the tractor-trailer were also named as defendants but were later dismissed.

In his complaint, plaintiff alleged that as the tractor-trailer was proceeding south on State Highway 74 and approaching the intersection in question, the traffic light changed such that the tractor-trailer entered the intersection on a red light and collided with plaintiff's vehicle which had entered the intersection on the green light traveling east on Durkee Road.

The plaintiff further alleged that the City of Cleveland and Bradley County owned, operated and controlled the traffic light at this intersection and that they

6. ... were negligent, in that the light was set so that the yellow caution interval between green and red was too brief to give adequate warning to traffic traveling within the speed limit, and that they were negligent in failing to follow the recommendations of the State of Tennessee Department of Transportation at the time said traffic light was installed and likewise intentionally refused to follow said recommendations. This negligence was one of the contributing factors and proximate causes of this accident.

7. Plaintiffs further allege that the defendants City of Cleveland and Bradley County, Tennessee have been guilty of negligence per se in their failure to comply with the Tennessee Manual on Uniform Traffic Control Devices as prescribed by Tennessee Code Annotated.

The Complaint alleges these two governmental entities are liable for plaintiff's injuries under T.C.A. § 29–20–203, part of the Governmental Tort Liability Act.

Both the City of Cleveland and Bradley County filed motions for summary judgment on the ground that based on the undisputed facts, neither the City nor the County had actual or constructive notice of any defective or dangerous condition of the traffic light as required under T.C.A. § 29–20–203(b). There was no evidence in the record to show that either the City or the County had actual notice of the condition of the traffic light. The single issue considered by the trial court on the summary judgment motions was whether there was a genuine issue of fact as to whether the City or County had constructive notice of the allegedly dangerous condition of this particular traffic signal.

The court below, citing *Mowdy v. Kelly,* 667 S.W.2d 489 (Tn.App.1983, perm.app. den.1983) and the unreported opinion of *Moore v. City of Knoxville,* Eastern Section, May 20, 1983, Matherne, Sp.J., granted summary judgment in favor of both defendants on the ground that neither the installation of a negligent traffic device nor the failure to inspect when there is no duty to inspect can serve as constructive notice of a dangerous condition.

This case was decided in the trial court and briefed in this court only on the issue of whether there had been constructive notice of an allegedly dangerous or defective condition. For the reasons set out below, we agree only with the result reached by the court below and therefore affirm the summary judgment in favor of both defendants.

Although all the parties have treated this action as coming under T.C.A. § 29–20–203, dealing with removal of immunity for injury from unsafe streets and highways, including traffic control devices, we do not believe that this action is properly considered under T.C.A. § 29–20–203, but rather that it must be considered under T.C.A. § 29–20–205, dealing with removal of immunity for injury caused by the negligent act or omission of governmental employees.

The substance of plaintiff's allegations is that the governmental employee who was responsible for setting the timing sequence on this traffic signal negligently set the yellow caution interval at too short an interval for traffic to clear the intersection. Plaintiff's position also seems to be that the governmental entities, through their employees, were negligent in failing to inspect and/or re-evaluate the timing sequence on this signal after its original installation in 1978. It is clear to us that the complaint is directed at negligent acts or omissions of employees of either the City of Cleveland or Bradley County, acting in the course and scope of their employment, rather than upon a defective condition of the traffic signal light. The light worked perfectly, as set. Therefore T.C.A. § 29–20–205 is the proper starting point here.

Under the Governmental Tort Liability Act, and in particular T.C.A. § 29–20–201, governmental entities are clothed in absolute immunity, except in those instances where such immunity is specifically removed.

T.C.A. § 29–20–205 provides:

Immunity from suit for all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury:

(1) Arises out of the exercise or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;

. . . .

(4) Arises out of a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property;

. . . .

Since the record in this case clearly shows that the timing sequence for the yellow caution interval on this particular traffic light was set within the range prescribed by the state manual on traffic devices, we think that both the original setting of the yellow caution interval and any failure to reset such timing sequence in this instance represented a judgment call by the person responsible for such setting in the exercise of his professional judgment, and is thus a discretionary act within the meaning of T.C.A. § 29–20–205(1), for which immunity has not been removed by the legislature. Any claim predicated on a failure to inspect the traffic light would come under T.C.A. § 29–20–205(4) and thus be barred.

We think our interpretation of T.C.A. § 29–20–205 and § 29–20–203 is required under *Mowdy v. Kelly, supra.* There plaintiffs sought to recover for injuries suffered while traveling over a bridge, alleged to be in a dangerous condition, which collapsed. There plaintiffs alleged that the county road superintendent breached his duty by allowing such bridge to remain open. The Court there found T.C.A. § 29–20–205 to apply rather than the provisions of T.C.A. § 29–20–203, since it was the road superintendent's negligent act or omission in failing to inspect the bridge which was the proximate cause of plaintiff's injury. Thus the Court in *Mowdy* found the action to be barred since immunity under T.C.A. § 29–20–205(4) is not removed for a failure to inspect.

In this case, it is the acts or omissions of the employees in setting the yellow caution interval that are really claimed to be the proximate cause of plaintiff's injuries. The traffic signal itself operates properly according to the timing sequence previously set, and is itself not defective. Thus this case must be considered under T.C.A. § 29–20–205. Since the acts or omissions for which the plaintiffs claim the City of Cleveland and Bradley County are liable are acts or omissions for which immunity has not been removed under T.C.A. § 29–20–205, this action is barred.

For the foregoing reasons, we affirm the judgment of the trial court in granting summary judgment in favor of both defendants.

Costs of this appeal are taxed to the plaintiff.

PARROT, P.J., concurs.

FRANKS, J., concurs and dissents.

FRANKS, Judge, dissenting.

The majority opinion correctly states "the complaint is directed at negligent acts or omissions of employees of either the City of Cleveland or Bradley County, acting in the course and scope of their employment", and the negligence alleged is the failure of the governmental employees to set the traffic light so as to give adequate warning to approaching drivers.

Further, the majority is correct in its assertion that disposition of the dispute is governed by the immunity provisions of T.C.A., § 29–20–205, but not correct in concluding the governmental entities retained immunity under the code section because the setting of the time interval and the alleged failure to reset the timing sequence "represented a judgment call by the person responsible for such setting in the exercise of his professional judgment, and is thus a discretionary act...."

Apparently, no reported decisions in this jurisdiction have construed the "discretionary function" language of the statute. Numerous other jurisdictions, however, have interpreted the phrase in the context of federal and state tort claims statutes. Several courts have adopted a "planning-operational" test as the standard for applying the discretionary act exception under state tort claims statutes. This test was succinctly articulated by the Alaska Supreme Court in *Carlson v. State*, 598 P.2d 969 (Alas.1979): "[D]ecisions that rise to the level of planning or policy-making are considered discretionary acts which do not give rise to tort liability, while decisions that are merely operational in nature are not considered to be discretionary acts and therefore are not immune from liability." *Id.*, at 972. The rationale for this distinction rests upon the fact that certain acts or decisions of a "planning" nature are committed to a coordinate branch of government and should not be subject to judicial interference. *Id.; State v. I'Anson*, 529 P.2d 188 (Alas.1974).

The federal courts have adopted essentially the same approach in delineating the contours of "discretionary function". As one federal court observed, "a duty ... is not discretionary if it involves enforcement or administration of a mandatory duty at the operational level, even if some degree of professional expert evaluation is required." *Estrada v. Hills*, 401 F.Supp. 429 (N.D.Ill.1975). The Third Circuit echoed this analysis in *Griffin v. United States*, 500 F.2d 1059 (3rd Cir.1974):

Liability, in such cases, is predicated not on a negligent or unwise policy determination, but on the failure of Government employees to conform to and act consistently with the authority delegated. We do not hold that the Government may be liable for policy determinations made by its officials. Rather, we hold only that the Government may be liable where its employees, in carrying out their duties, fail to conform to pre-existing statutory and regulatory requirements. *Id.*, at 1069.

A wide array of "operational" acts or decisions of public employees have been held "non-discretionary" and therefore not exempt from tort liability. *See e.g., Bigelow v. Ingersoll*, 618 P.2d 50 (Utah 1980);

*Carlson, supra,* at 973; *Andrus v. State,* 541 P.2d 1117 (Utah 1975); *I'Anson, supra; State v. Abbott,* 498 P.2d 712 (Alas. 1972); *Mills v. American Playground Device Co.,* 405 N.E.2d 621 (Ind.App.1980).

In the instant case, the government employee's setting of the traffic light interval was not a "basic policy decision" but an "operational" act, and any failure on the part of the employee to comply with regulations governing the setting of the traffic light intervals could constitute operational negligence. The mere fact that the employee might, in setting the device, make "a judgment call" is insufficient to warrant the majority's characterization of the employee's act as discretionary within the meaning of the statute.

The record reveals the caution light was set at an interval of 3.6 seconds, which was within the time frame set by the state's *Manual on Uniform Traffic Control Devices;* however, the manual states "[g]enerally the longer intervals are appropriate to higher approach speeds." The manual established the regulatory requirements and the factual issue is whether the employee failed to conform to these requirements in carrying out his duties. *See Gorman v. Adams,* 259 Iowa 75, 143 N.W.2d 648 (1966); *Pritchard v. Sully-Miller Contracting Co.,* 178 Cal.App.2d 246, 2 Cal.Rptr. 830 (1960).

The affidavit of appellant's expert witness advances the opinion that the 3.6 second interval was deficient under current standards, particularly in light of the traffic volume and approach speed at the intersection. The witness concluded "[t]he proper yellow time ... would have allowed the Jackson truck to clear the intersection before Mr. Davis was shown a green signal." Thus, a disputed issue of material fact as to whether the city or county, through its employees, acted negligently in setting the caution light interval under these conditions was established.

I would vacate the summary judgment and remand to the trial court for further proceedings, not inconsistent with the foregoing.