884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. STOREY, Plaintiff-Appellant,
v.
William G. HEDGEPATH, Jr., Quintin Hedgepath, City of
Fayetteville, Tennessee, Defendant-Appellee.
 No. 88-6314.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, William C. Storey, appeals the district court's judgment which found the defendant-appellee, City of Fayetteville, Tennessee (City), immune from suit in this diversity action. For the reasons which follow, we affirm.
 
 I.
 
 2
 None of the relevant events in this case are in dispute. On June 16, 1986, the City of Fayetteville police department received a call from William Hedgepath who reported that his son, Quentin, had taken his (William's) car without his permission. Shortly after this information was broadcast over the police radio, Officers Tommy Bryson and Eugene Dulin began to follow Quentin in a patrol car. Both officers knew where the Hedgepaths lived and knew that Quentin had had several encounters with the police. At some point during the officers' chase, Quentin increased his speed in an attempt to flee from the officers. By this time, the officers, who were approximately 100 yards behind Quentin, had turned on their siren and warning lights. Eventually, Quentin struck plaintiff Storey's truck and, as a result, Storey suffered severe injuries.
 
 
 3
 A bench trial was held on September 21 and 22, 1988 in the United States District Court for the Middle District of Tennessee, Judge James H. Jarvis presiding. On October 14, 1988, the court found Quentin negligent and accordingly entered a default judgment against the Hedgepaths. In determining the City's liability, the court examined the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. Sec. 29-20-201, et seq. (1980). Section 29-20-201 states that
 
 
 4
 "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental activities are engaged in the exercise and discharge of their functions, governmental or proprietary."
 
 
 5
 (Emphasis added.) In addition, section 29-20-202 provides that
 
 
 6
 "[i]mmunity of suit of all governmental entities is removed for injuries resulting from the negligent operation by any employee of a motor vehicle or other equipment while in the scope of his employment."
 
 
 7
 (Emphasis added.) Finally, section 29-20-205 provides that
 
 
 8
 "[i]mmunity from suit for all governmental entities is removed for injury proximately caused by negligent act or omission of any employee within the scope of his employment except if the injury ... [a]rises out of the exercise or the failure to perform a discretionary function, whether or not discretion is abused."
 
 
 9
 (Emphasis added.)
 
 
 10
 The court specifically found that, while the officers' decision to continue pursuing Quentin was "bad judgment on the part of the officers ... [t]here was no evidence ... which would indicate that any negligence on the part of the officers in the way they drove their vehicle proximately contributed to the accident." J.App. at 14, 15-16. Thus, the court determined that the City could be held liable only if the officers' decision to continue pursuing Quentin was negligent. Relying on Davis v. Cleveland, 709 S.W.2d 613 (Tenn.Ct.App.1986), and Willis v. Barksdale, 625 F.Supp. 411 (W.D.Tenn.1985), the court determined that the officers' decision to continue pursuing Quentin constituted judgment calls "within the exercise of their professional judgment as police officers." Id. at 17. Because 'judgment calls' are necessarily discretionary acts, the court held that the City is immune from suit pursuant to section 29-20-205.
 
 II.
 
 11
 On appeal, Storey alleges that the district court erred in finding that the City was immune from liability because the police officers' decision to continue pursuing Quentin was a discretionary act. We review a district court's findings of fact pursuant to the clearly erroneous rule. Fed.R.Civ.P. 52(a). This "standard is met 'when although there is evidence to support [the district court's findings] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Loudermill v. Cleveland Bd. of Educ., 844 F.2d 304, 308 (6th Cir.) (Jones, Milburn, Joiner), cert. denied, 109 S.Ct. 363 (1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 365 (1948)). We review all legal conclusions reached by the district court de novo. Id. at 308.
 
 
 12
 In Nevill v. Tullahoma, 756 S.W.2d 226 (Tenn.1988), the Supreme Court of Tennessee considered a claim presented by the parents of a person who was killed during a high speed police chase. Although the police officers had turned on their siren and warning lights, the lower courts in Nevill found that "the police officers were negligent in commencing pursuit and in continuing the pursuit at the speeds ... involved." 756 S.W.2d at 227. While that case does not specifically address the Tennessee governmental tort immunity statute, the Supreme Court of Tennessee ruled that "the sole proximate cause of the accident and resulting death of [the passenger] was the negligence of" the driver who was fleeing from the police. Id. In concluding that police officers should not be liable for deciding to pursue a fleeing criminal, the court then expressly adopted the following language used by a panel of the Tennessee Court of Appeals in an unpublished decision, Choate v. Johnson:
 
 
 13
 " 'The duty of police officers is to enforce the law and to make arrests in proper case[s], not to allow one being pursued to escape because of the fear that the flight may take a course that is dangerous to the public at large.
 
 
 14
 The opposite would, we think, be an unnecessary restriction on the ability of police officers to carry out their duties. In every case where a police officer sought to stop a motorist for a traffic violation, it would become a jury question whether the act of the officer was the proximate cause of any harm the motorist might cause in trying to avoid arrest. In our judgment any police officer would hesitate to make an arrest involving a moving automobile within or close to a city for fear that the subject being arrested would flee and cause harm to others for which the officer might be held responsible.' "
 
 
 15
 Id. at 232. Since the Supreme Court of Tennessee examined police conduct in Nevill which is similar to the officers' conduct in this action, we find that the issue of a police officers' potential liability in deciding to pursue a fleeing felon has been decided. Thus, to the extent that Storey alleges that the police officers were negligent, we reject this claim. Likewise, since the above-quoted language suggests that an officer's decision to pursue a fleeing felon is a discretionary act, we affirm the district court's ruling that the decision to pursue Quentin was a discretionary act.
 
 
 16
 Turning to the issue of whether the City was immune from suit, Storey states that section 29-20-202 removes all governmental immunity when an agent injures someone while negligently operating a motor vehicle. Storey maintains that holding the City immune in this case will also allow the City to escape future liability if a police officer is "cruising about the City of Fayetteville and r[uns] a red light injuring a party." Brief of Appellant at 6. In interpreting the three relevant provisions of Tennessee's governmental tort immunity statute, we note that section 29-20-202 clearly states that an officer who negligently operates a vehicle is not be immune from suit. Moreover, the district court specifically found that the officers did not negligently drive their vehicle while performing the discretionary act of pursuing Quentin. Since there is no evidence in the record which indicates that this finding is clearly erroneous, and since the performance of discretionary acts does not give rise to tort liability, we reject all of Storey's claims based on section 29-20-202.
 
 III.
 
 17
 For the above-stated reasons, we accordingly AFFIRM the district court.
 
 
 
 *
 Honorable Sam H. Bell, United States District Judge for the Northern District of Ohio, sitting by designation