SCOTT, TREASURER OF ILLINOIS, ET AL. *v.*
GERMANO ET AL.

No. 1152.   Decided June 1, 1965.

*Don H. Reuben, Howard J. Trienens* and *D. Lawrence Gunnels* for appellants.

*Bernard Kleiman* and *Lester Asher* for Germano et al., and *William G. Clark,* Attorney General of Illinois, and *Richard A. Michael,* Assistant Attorney General, for Kerner et al., appellees.

PER CURIAM.

Upon remand of this case, 378 U. S. 560 (1964), for further proceedings consistent with the views stated in *Reynolds* v. *Sims*, 377 U. S. 533 (1964), the District Court on January 22, 1965, entered a judgment declaring invalid Art. IV, § 6, of the Illinois Constitution and Ill. Rev. Stat., c. 46, §§158–1 to 158–5 (1963), apportioning the Illinois Senate; directing that all members of the Illinois General Assembly be made parties defendant; and requiring that "any implementation, amendment or substitution of all or part of the said defective portions" of the Illinois Constitution or legislation be submitted to it for approval before the holding of any election thereunder. It further held that if no such "implementation, amendment or substitution" was submitted it would order the parties to show cause why all Illinois State Senators should not be elected from the State at large in the 1966 election and every four years thereafter.

In April 1964 the case of *People ex rel. Engle* v. *Kerner* was filed in the Circuit Court of Sangamon County, Illinois. It contested the composition of both houses of the General Assembly but was dismissed by the trial court. Upon appeal the Supreme Court of Illinois on February 4, 1965, held the composition of the Illinois Senate invalid; the court expressed confidence that the General Assembly would "successfully perform its duty to enact a constitutionally valid plan during its current session" which expires July 1, 1965. However, the court retained jurisdiction of the case "for the purpose of taking such affirmative action as may be necessary to insure that the 1966 election is pursuant to a constitutionally valid plan." 32 Ill. 2d 212, 225, 205 N. E. 2d 33, 41.

On February 8, 1965, the appellants here moved that the United States District Court reconsider and vacate its order of January 22, 1965, and stay further proceedings

in light of the Supreme Court of Illinois' opinion in *Engle, supra.* This the District Court refused to do. Direct appeal was perfected here, 28 U. S. C. § 1253 (1958 ed.), and the appellants have now moved to stay the judgment of the District Court.*

We believe that the District Court should have stayed its hand. The power of the judiciary of a State to require valid reapportionment or to formulate a valid redistricting plan has not only been recognized by this Court but appropriate action by the States in such cases has been specifically encouraged. *Maryland Committee* v. *Tawes,* 377 U. S. 656, 676 (1964); *Scranton* v. *Drew,* 379 U. S. 40 (1964), citing *Butcher* v. *Bloom,* 415 Pa. 438, 203 A. 2d 556 (1964); *Jackman* v. *Bodine,* 43 N. J. 453, 473, 205 A. 2d 713, 724 (1964). See also *Kidd* v. *McCanless,* 200 Tenn. 273, 292 S. W. 2d 40 (1956), and discussion thereof in *Baker* v. *Carr,* 369 U. S. 186, 235–236 (1962).

We therefore vacate the order of the District Court dated May 7, 1965. The case is remanded with directions that the District Court enter an order fixing a reasonable time within which the appropriate agencies of the State of Illinois, including its Supreme Court, may validly redistrict the Illinois State Senate; provided that the same be accomplished within ample time to permit such plan to be utilized in the 1966 election of the members of the State Senate, in accordance with the provisions of the Illinois election laws. Ill. Rev. Stat., c. 46 (1963).

The District Court shall retain jurisdiction of the case and in the event a valid reapportionment plan for the State Senate is not timely adopted it may enter such orders as it deems appropriate, including an order for a valid reapportionment plan for the State Senate or an

---

*The motion to dispense with the printing of the jurisdictional statement is granted.

order directing that its members be elected at large pending a valid reapportionment by the State itself.

*It is so ordered.*

MR. JUSTICE HARLAN concurs in the result.

MR. JUSTICE GOLDBERG took no part in the consideration or decision of this case.