Frank **SIMONE** and James Patrick Kelly, Plaintiffs,

v.

Donald C. **MacPHAIL,** Edward A. Gillard, and D. J. Saia, in their official capacity as County Commissioners of Crawford County, Kansas; Wilbert W. Phalen, in his official capacity as County Attorney of Crawford County, Kansas; Harold J. Hutchins, in his official capacity as County Clerk of Crawford County, Kansas, Defendants.

No. W–4052.

United States District Court
D. Kansas.

Nov. 4, 1968.

Vernon D. Grassie, Girard, Kan., for plaintiffs.

Foulston, Siefkin, Powers, Smith & Eberhart, by Robert C. Foulston, Wichita, Kan., for defendants.

Before SETH, Circuit Judge, and BROWN and TEMPLAR, District Judges.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

On September 5, 1968, this action was instituted by plaintiffs as residents, citizens, taxpayers, and voters of Crawford County, Kansas, who brought the proceeding as a class action on behalf of themselves and numerous citizens, taxpayers, and voters of Crawford County, as a class, alleging, in substance, that the election of the three members of the Board of County Commissioners of Crawford County, from single member commissioner districts of substantially unequal population violated their constitutional right under the equal protection clause of the Fourteenth Amendment.

Defendants Edward A. Gillard, Donald C. MacPhail, and D. J. Saia, are presently the duly elected, qualified, and acting County Commissioners of Crawford

County. Gillard is presently County Commissioner of the First District, MacPhail is presently County Commissioner of the Third District, and Saia is presently County Commissioner of the Second District. Saia's term of office will expire in January, 1971. Defendant Phalen is the elected, qualified, and acting County Attorney of Crawford County; defendant Hutchins is the duly elected, qualified, and acting County Clerk.

The relief sought by plaintiffs is for a judgment of this Court holding the order of the Board of County Commissioners of Crawford County, Kansas, setting up the present commissioner districts and dated January 5, 1928, to be unconstitutional, void, and invalid in its present application; that defendants be restrained and enjoined from enforcing, applying, and following said order; that all candidates and nominees for election to the Board of County Commissioners of Crawford County, be elected from the County at large in the election to be held November 5, 1968, and continue to run at large until such time as the county is properly redistricted; that the Court retain jurisdiction of the cause to insure that its decree and implementing order will be enforced and to insure that the rights of the plaintiffs and all persons similarly situated, as guaranteed by the Constitution and the laws of the United States, be fully protected; and that costs be assessed against the defendants herein.

Jurisdiction is claimed under 42 U.S.C. §§ 1983 and 1988. Under Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481, jurisdiction exists under these statutory provisions. Also, see authority cited in Meeks v. Anderson, D.C., 229 F.Supp. 271, 273. There is, in fact, no question of the jurisdiction of the Court or the propriety of the parties.

A three-judge court was constituted by the order of the Chief Judge of the Tenth Circuit. Defendants filed their answer to which plaintiffs lodged a reply. The cause was assigned for hearing on October 18, 1968, at which time the parties appeared with their attorneys, evidence was introduced, admissions were made by the parties through their counsel, and facts were established by agreement as is revealed by the record in the case.

Though a number of defenses were alleged in defendants' answer, they now concede that the commissioner districts of Crawford County, established by direction of the then Commissioners of the County in 1928, now provide for the following apportionment as to population, to wit:

| | |
|---|---|
| 1st District | 8,094 |
| 2nd District | 12,646 |
| 3rd District | 18,664 |

and that such apportionment established by the Board of Commissioners in 1928 is now constitutionally impermissible and that the county should be apportioned into three commissioner districts as compact and equal in population as possible.

The Kansas Constitution provides, Article 4, Section 2:

"General elections and township elections shall be held biennially on the Tuesday succeeding the first Monday in November in the years bearing even numbers. All county and township officers shall hold their offices for a term of two years and until their successors are qualified: Provided, One county commissioner shall be elected from each of three districts, numbered 1, 2, and 3, by the voters of the district, and the legislature shall fix the time of election and the term of office of such commissioners; such election to be at a general election, and no term of office to exceed six years. All officers whose successors would, under the law as it existed at the time of their election, be elected in an odd-numbered year shall hold office for an additional year and until their successors are qualified. No person shall hold the office of county treasurer for more than two consecutive terms."

The pertinent portion of the Kansas Statute, K.S.A. 19-204, reads:

> "The board of county commissioners shall on the day of the organization of the board or as soon thereafter as may be possible, meet and divide the county into three commissioner districts, as compact and equal in population as possible, and number them respectively 1, 2, and 3, and subject to alteration at least once every three years, but if they fail to make such division before the election of the county officers, such failure shall in no case prevent the election of the commissioners. \* \* \*"

The parties agree, and the Court finds, taking judicial notice of the powers, duties, and authorized functions of the Board of County Commissioners set forth in Chapter 19 of the Kansas Statutes Annotated, that the Board of County Commissioners of a Kansas county performs some functions normally thought of as "legislative" and that it has power to make a number of decisions having broad impact on all the citizens of the county. See Avery v. Midland County, Texas, 390 U.S. 474, 482–483, 88 S.Ct. 1114, 20 L.Ed.2d 45.

The Court finds from the evidence and the admissions of the parties that the present apportionment of commissioner districts in Crawford County violates the requirements of the Fourteenth Amendment of the United States Constitution, Article 4, Section 2 of the Kansas Constitution, and Article 19, Section 204 of the Kansas Statutes Annotated in that there is a gross disparity in population among the three commissioner districts in the county and denies equal representation for equal numbers of people.

The principal contention remaining for the Court's determination is to consider the most equitable method of implementing a constitutional reapportionment plan for the county commissioner districts.

Plaintiffs urge the Court to order that at the election to be held November 5, 1968, at which two of the three commissioners will be elected, they should be voted upon by all of the voters of the county, thus requiring the candidates for the two commissioner offices to, at this time, run at large, though the candidates were nominated by their respective political parties to run in the respective districts for which they were nominated.

Defendants, on the other hand, insist that the Court should retain jurisdiction of the case, permit the election of two commissioners from their respective districts at the November 5 election, permit the newly formed Board to take office in January, and afford it an opportunity to establish constitutionally permissible commissioner districts as required by K.S.A. 19-204, subject to review by this Court and in effect "stay the hand" of the Court until the Board of Commissioners have a fair opportunity to constitutionally apportion the commissioner districts of the county.

It appears, without contradiction, that the election is but a few days off; that absentee ballots have of necessity been printed and mailed out to approximately three hundred persons. Of this number a large percentage are serving in the Armed Forces overseas and a substantial part of these are residents of the two commissioner districts electing county commissioners at the forthcoming election. No absentee ballots carrying the name of a candidate for county commissioner have been sent to a resident of the Second Commissioner District since the term of the commissioner of that District will not expire until January, 1971. It further appears that poll books have been printed for each precinct in the county with the names of the candidates for their respective office and upon which will be tabulated the votes cast on November 5 by the election boards. Insufficient time remains to print and mail absentee ballots which would provide for an election at large of the candidates for commissioner, and confusion would in all likelihood be created in the conduct of the election

should plaintiffs' proposal that such plan be adopted by the Court and followed.

We are mindful that the Supreme Court in Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 1393, 12 L.Ed.2d 506, declared that "it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan," but that court in the same case and at the same time, held that:

"However, under certain circumstances, such as where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief in a legislative apportionment case, even though the existing apportionment scheme was found invalid. In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles. With respect to the timing of relief, a court can reasonably endeavor to avoid a disruption of the election process which might result from requiring precipitate changes that could make unreasonable or embarrassing demands on a State in adjusting to the requirements of the court's decree. As stated by MR. JUSTICE DOUGLAS, concurring in Baker v. Carr [369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663] 'any relief accorded can be fashioned in the light of well-known principles of equity.'"

This Court has followed the teachings of *Reynolds* in Long v. Avery, D.C., 251 F.Supp. 541, 559, where it directed that the Kansas Legislature be afforded an opportunity to enact a valid reapportionment of the Kansas Senate, failing which, the Court would enter an order for a valid reapportionment plan or direct that members be elected at large pending a valid reapportionment.

■ We believe that the same application of equitable principles should be applied in this case.

Therefore, we now find, determine and adjudge that the present apportionment of the three commissioner districts of Crawford County, Kansas, is constitutionally impermissible and violates the equal protection clause of the Fourteenth Amendment as applied to the citizens, taxpayers, and voters of the county.

We further order and adjudge that under principles of equity, the terms of office for the two commissioners elected at the November 5, 1968 election shall be for a term of only two years, beginning on the second Monday in January next, and until their successors, to be elected at the general election of 1970, are qualified, the election of their successors to be in conformity with the provisions of K.S.A. 25–101, and for a term of four years;

It is further ordered and adjudged that at the election of 1970, the commissioner elected to serve as commissioner from the Second Commissioner District shall be elected for a term of two years only, said term to commence on the second Monday in January, 1971, and until his successor, to be elected for a four-year term at the general election of 1972, is qualified.

We further order and adjudge that the Board of Commissioners of Crawford County shall be given an opportunity to adopt a constitutionally permissible apportionment of commissioner districts in the form and manner required by the Fourteenth Amendment and K.S.A. 19–204, and that injunctive relief be withheld until the Board of Commissioners, as it will be organized in January, 1969, meets and divides the county into three commissioner districts as compact and equal in population as possible, such injunctive relief to be stayed until March 1, 1969.

We further order and adjudge that the Court will retain jurisdiction of the case and in the event a valid reappor-

tionment of commissioner districts is not made by the County Commission prior to March 1, 1969, it will enter such orders as it deems appropriate, including, if necessary, an order for a valid reapportionment plan, and any further relief that may be justified or required by the facts and circumstances.

Costs shall be assessed to the defendants.

It is so ordered.