PHILIP J. WALSH & others *vs.* SECRETARY OF THE COMMONWEALTH.

Suffolk. May 8, 1970. — June 3, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ.

*Constitutional Law,* Apportionment of legislators, Valid law later rendered invalid. *General Court. Jurisdiction,* Apportionment of legislators.

With respect to the 1970 State election, the apportionment of seats in the State Senate by St. 1960, c. 432, § 2, did not reflect, on the basis of the 1965 census, a distribution of seats proportional to the population of the respective senatorial districts, and the record in a suit in equity did not suggest any special circumstances showing that the apportionment was not in violation of Federal constitutional principles. [557–558]

Even if St. 1960, c. 432, § 2, dividing the State into senatorial districts, was valid when enacted, it has become unconstitutional by lapse of

time, and relief against the use of such districts for the election of State Senators in 1970 was not barred by the ten day special statute of limitations found in § 3 of St. 1960, c. 432. [558]

Notwithstanding the imminence of the 1970 State election and the unconstitutionality of the existing Senate apportionment by St. 1960, c. 432, § 2, this court declined, with the Legislature still in session, to reapportion Senate seats. [558]

The Senate apportionment provided by St. 1960, c. 432, § 2, has become unconstitutional and is invalid, and cannot be the basis of the 1970 election of Senators. [558]

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on February 9, 1970.

The suit was reserved and reported by *Cutter, J.*

*James D. St. Clair (Harold Hestnes* with him) for the plaintiffs.

*Daniel J. Johnedis,* Assistant Attorney General, for the defendant.

*Howard M. Miller,* Special Assistant Attorney General, for the Acting Governor, amicus curiae, *John E. Fenton, Jr.,* for Maurice A. Donahue, President of the Senate, amicus curiae, & *Edward Nappan* for David M. Bartley, Speaker of the House of Representatives, amicus curiae, submitted briefs and were present.

BY THE COURT. This bill for declaratory relief was reserved and reported by a single justice without decision. From the record (including stipulation and exhibits) the following circumstances appear.

The existing apportionment of seats in the State Senate (St. 1960, c. 432, § 2) no longer reflects, on the basis of the 1965 census, a distribution of seats proportional to the population of the respective senatorial districts. The population in 1965 of the largest Senate district (Middlesex-Worcester) was 211,265, which is 59.58% above the 1965 population of Massachusetts divided by 40. The arithmetical norm would be 132,382. The smallest district (3d Suffolk) contains 84,366 persons, a figure 36.28% below the 1965 norm.

1. The Supreme Court of the United States has recently held that a total spread, between the district with the highest

population and that with the lowest population, of 5.96% of the average population of the districts was in violation of Federal constitutional principles. See *Kirkpatrick* v. *Preisler,* 394 U. S. 526, 528–529, 531, 533–536, reh. den. 395 U. S. 917. It is highly unlikely that, if tested in the Federal courts, any distribution of seats in a Statewide legislative body, having any avoidable disparity between the district with the highest population and that with the lowest, will be found to satisfy Federal constitutional requirements, at least in the absence of special circumstances not suggested on this record. Cf. *Swann* v. *Adams,* 385 U. S. 440, 442–445.

2. Relief against the continued use of a constitutionally invalid Senate apportionment is not barred by the ten day special statute of limitations found in St. 1960, c. 432, § 3. Even if c. 432 was valid when enacted, it has become unconstitutional by lapse of time. *Vigeant* v. *Postal Tel. Cable Co.* 260 Mass. 335, 342–344.

3. We are urged to take action ourselves to make a reapportionment of Senate seats. See *Scott* v. *Germano,* 381 U. S. 407, 409; *Maryland Comm. for Fair Representation* v. *Tawes,* 377 U. S. 656, 676; see also *People ex rel. Engle* v. *Kerner,* 33 Ill. 2d 11, 12–13; app. dism. 384 U. S. 30. Intervention in matters of reapportionment, even on matters of constitutionality, by any court is undesirable and to be avoided except as a last resort (and then only to satisfy constitutional mandates). Cf. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 243–247. We decline to take such action and do not pass upon its propriety in any event. The Legislature is still in session, and it remains possible that the Legislature itself will exercise that function, by enacting a Senate reapportionment plan. See *Opinion of the Justices,* 353 Mass. 790, 799.

4. A decree is to be entered in the county court declaring that the Senate apportionment provided by St. 1960, c. 432, § 2, has become unconstitutional and is invalid, and that it cannot be the basis of the 1970 election of senators.

*So ordered.*