**S. L. KOPALD, Jr., et al., Plaintiffs,**

v.

**Joe C. CARR, Secretary of State of the State of Tennessee, et al., Defendants.**

**Civ. A. No. 6576.**

United States District Court,
M. D. Tennessee,
Nashville Division.

May 22, 1972.

---

Lewis R. Donelson, III, and Robert Walker, Memphis, Tenn., for plaintiffs.

William E. Badgett, Knoxville, Tenn., for plaintiff-intervenors.

Milton P. Rice, Deputy Atty. Gen., William Henry Haile, Robin H. Roberts, and William L. Barry, Asst. Attys. Gen., State of Tennessee, for defendants.

Before MILLER, Circuit Judge, GRAY, Chief District Judge, and MORTON, District Judge.

## PER CURIAM.

This court is called upon to rule on a challenge to the most recent statutory reapportionment of the General Assembly of Tenessee. It is asserted that this legislation violates the "one-man, one-vote" Constitutional mandate. *See e. g.* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L.Ed.2d 663 (1962).

Each of the challenged statutes [1] includes a principal plan, and an alternative plan to be effective in the event that the principal plan is held to be unconstitutional. Defendants concede that both principal plans are unconstitutional. They urge that the alternative plans, corrected for obvious errors of omission and duplication and to carry out the legitimate legislative intent, pass Constitutional muster. All further references will be to the alternative plans, including the corrections set forth in defendants' answer. These corrections affect House Districts 5, 8, 11, 12, 20, 21, 32, 36, 40, 45, 48, 71, and 72.

The modified House Plan permits an unacceptable population variance in excess of 21%. The principal malapportionment exists in Knox and Shelby Counties. The record shows that the legislature adopted without question the plans provided by the respective delegations of those counties. Intervenors Comer and Booker have submitted a plan for the- representative districts of Knox County (See Appendix), which provides substantial intracounty equality, reducing the statewide variance to less than 6%. Further, this court has modified the Shelby County plan [2] so as to reduce the variance by an additional 1%, reducing the maximum positive variance to 2.36%. Further, this court has

---

1. The reapportionment of the House of Representatives is set forth in House Bill No. 2451. The plan for the Senate is set forth in Senate Bill No. 2177.

2. The modified districts are as follows:
    District 82—The Shelby County voting districts of Brunswick, Kerrville, Locke, Lucy, McConnell, Millington, Stewarts-

discovered a problem in Rutherford County,[3] in that Census Enumeration District 4 is non-contiguous with the remainder of House District 48 and Enumeration District 13 is connected to the remainder of House District 48 only by a narrow neck. To correct these deficiencies, Enumeration District 4 will be transferred from House District 48 to House District 40; Enumeration Districts 20, 51, and 52 will be transferred from House District 40 to House District 48; and Enumeration District 14 will be transferred from House District 62 to House District 48. These changes will further reduce the maximum negative variance to 1.89%.

The Senate plan allows a variance in excess of 4% and separates Memphis voting precinct 69–1 from the remainder of District 32. The non-contiguity of District 32 will be corrected by deleting precinct 69–1 from District 32 and adding it to District 28, and deleting precinct 72–3 from District 28 and adding it to District 32. In addition, the Big Sandy Census Division of Benton County will be deleted from District 23 (the most populous) and added to District 24 (the least populous). As modified, all districts are contiguous and the variance is reduced below 4%.

▆▆▆▆ Legislative apportionment is properly and primarily a legislative function. *See e. g.* Reynolds v. Sims,

377 U.S. 533, 586, 84 S.Ct. 1362, 12 L. Ed.2d 506 (1964). The corrected alternative plans would be Constitutional with respect to the districting of ninety-three of Tennessee's ninety-five counties. The infirmity lies in those areas in which a county's delegation was permitted to frustrate the proper legislative intent. The primary and general elections are set for August 3, 1972, and November 7, 1972, respectively, with filings for the primaries in early June. In light of this advanced stage in the progress of the State's election machinery, we are not inclined to undertake the time-consuming task of reapportioning the entire legislature where relatively simple adjustments in two counties will yield plans which would have withstood a facial Constitutional attack had they been those passed by the General Assembly. *Cf.* Sixty-Seventh Minnesota Senate v. Beens, 405 U.S. 985, 92 S.Ct. 1477, 32 L.Ed.2d 1 (1972). The minor modifications involved in shifting parts of Rutherford and Benton Counties are regarded as desirable improvements within the time constraints to which we are subject.

Plaintiffs have submitted plans which appear to be mathematically superior to the above modified plans. From the evidence presented at the hearing, it appears that the lesser mathematical precision of the modified plan may be justi-

---

ville, and Woodstock; and Memphis voting precinct 69–2.

District 88—Memphis voting precincts 42–1, 69–1, 70–1, 70–2, 71–1, 71–2, 72–1, 72–3, and 72–4.

District 89—Memphis voting precincts 17–1, 20–1, 20–2, 20–3, 21–1, 33–1, 33–2, 36–1, 36–2, 36–3, 37–1, 37–2, 40–2, 51, 52–2, and 52–3.

District 90—Memphis voting precincts 16–1, 16–2, 16–3, 17–2, 17–3, 17–4, 26–1, 28–1, 28–2, 29–1, 29–2, 29–3, 30, 32, 45–1, 45–4, and 61–1.

District 91—Memphis voting precincts 13–3, 25–2, 25–3, 34–1, 47–1, 48, 60–1, 60–3, 60–4, and 60–6.

District 92—Memphis voting precincts 13–1, 13–2, 14–1, 14–2, 15, 25–1, 26–2, 26–3, 31–1, 31–2, 31–3, and 31–4.

District 94—Memphis voting precincts 38–4, 44–1, 44–2, 44–3, 44–4, 44–5, 45–3,

46–1, 46–2, 54–1, 55–1, 55–2, 56–1, 57, and 63–1.

District 95—Memphis voting precincts 58–4, 60–5, 73–1, 73–2, 73–3, 74–1, 74–2, 74–3, and 74–4; and the Shelby County voting district of Capleville.

District 96—Memphis voting precincts 46–3, 56–2, 58–1, 58–5, 65–1, 65–2, 66–1, 66–2, 67–1, 67–2, 67–3, and 74–5.

District 97—Memphis voting precincts 38–1, 38–2, 38–3, 43–1, 43–2, 43–3, 43–4, 52–1, 53–1, 53–2, 54–2, and 62.

3. This defect exists in the plan for District 48 corrected as set forth in defendants' answer to alleviate the omission and double inclusion of certain Rutherford County Enumeration Districts in House Districts 40, 48, and 62. The modifications noted in the text are to the plan as so corrected.

fied on the basis of legitimate state policy considerations. *Cf.* Swann v. Adams, 385 U.S. 440, 444, 87 S.Ct. 569, 17 L. Ed.2d 501 (1967). Our disposition of this case has required no examination of any aspect of plaintiffs' plans other than their mathematical equality. However, these submitted plans indicate that more exact plans can be drawn and are worthy of the deliberate consideration of the General Assembly and this court. Accordingly, jurisdiction of this case is retained and the modified plans above shall be effective only for the 1972[4] elections. *See* Ely v. Klahr, 403 U.S. 108, 91 S.Ct. 1803, 29 L.Ed.2d 352 (1971). If the General Assembly enacts a plan of reapportionment prior to July 1, 1973, and such plan is not challenged in this case within thirty (30) days after the signing thereof by the Governor, this case will be closed. If, however, no plan is so enacted, or, if enacted, is successfully challenged, the court will formulate a reapportionment plan. *Cf.* Scott v. Germano, 381 U.S. 407, 409–410, 85 S.Ct. 1525, 14 L.Ed.2d 477 (1965).

Counsel shall submit an agreed upon proposed order in accordance with the foregoing within five (5) days. Appended to the order shall be a summary sheet providing the total population and variance figures by district, and for each district a district map and breakdown, each indicating the boundaries of and population figures for each unit area (i. e., ward, precinct, enumeration district, councilmanic district) specified in the district description.

### APPENDIX

PROPOSED LEGISLATIVE DISTRICTS FOR THE HOUSE OF REPRESENTATIVES FOR KNOX COUNTY BY THE PLAINTIFF-INTERVENORS COMER AND BOOKER

1. Knox County District 1, or State District 13, shall consist of Wards 7, 11, 12, 13, 14, 15, 17, 19, 30 and Precinct No. 34 (Huffs).

2. Knox County District 2, or State District 14, shall consist of Wards 25, 26, 27, 28, 29 and Precincts No. 2 (Hopewell), No. 3 (Kings), No. 4 (Sevier Homes), No. 5 (Mount Olive), No. 6 (Vestal), No. 35 (Ramsey), and No. 36 (Dora Kennedy).

3. Knox County District 3, or State District 15, shall consist of Wards 1, 2, 3, 4, 5, 6, 8, 9, 10, 20, 21, 22, 23, 24 and 50.

4. Knox County District 4, or State District 16, shall consist of Wards North 16th, 33, 34, 35, 36, and Precincts No. 17 (Dante), No. 18 (Powell), No. 19 (Brickey), No. 20 (Heiskell), No. 21 (Pedigo), No. 22 (Hills), No. 23 (Fort Sumter), and No. 25 (Shannondale).

5. Knox County District 5, or State District 17, shall consist of Wards 18, 37, 38, 39, 40, 41, 42, 43, 44, 45 and that part of Precinct No. 13 (Cedar Bluff) that lies North of Interstate 40 except census enumeration District 26, also Precincts No. 14 (Lonas) and No. 16 (Karns).

6. Knox County District 6, or State District 18, shall consist of Wards 46, 47, 48, 49, 51, and Precincts No. 7 (Rocky Hill), No. 8 (Blue Grass), No. 9 (Concord), No. 10 (Farragut), No. 11 (Hardin Valley), No. 12 (Ball Camp), No. 15 (Solway), and that part of No. 13 (Cedar Bluff) that lies South of Interstate 40 and census enumeration District 26.

7. Knox County District 7, or State District 19, shall consist of Wards South 16th, 31, 32, and Precincts No. 1 (Gap Creek), No. 24 (Halls), No. 26 (Harbison), No. 27 (Corryton), No. 28 (Ritta), No. 29 (Maloneyville), No. 30 (Ellistown), No. 31 (Skaggston), No. 32 (Sunnyview), No. 33 (Carter), No. 37 (Riverdale), and No. 38 (Thorngrove).

4. We are aware that the alternative Senate plan, by the terms of Senate Bill No. 2177, will not become effective until July 1, 1973. However, we have treated it as a plan submitted by defendants. With the modifications noted, it and the alternative House plan are adopted to take effect immediately.