**Lynn HELLEBUST, et al., Plaintiffs,**

v.

**Sam BROWNBACK, in his official capacity as Secretary of the Kansas State Board of Agriculture, et al., Defendants.**

Civ. A. No. 92–2374–JWL.

United States District Court,
D. Kansas.

April 6, 1995.

Donn J. Everett, Myers, Pottroff & Ball, Manhattan, KS, William J. Craven, Lecompton, KS, for Lynn Hellebust, John R. Craft, Kansas Natural Resource Council, Common Cause of Kan.

David D. Plinsky, Office of City Atty., John J. Knoll, Office of Atty. Gen., Topeka, KS, for Kansas State Bd. of Agriculture, Sam Brownback, in his official capacity as Secretary of Kansas State Bd. of Agriculture, Jay Armstrong, Victor Krainbill, Alvin Epler, Altis Ferree, Thayne Larson, Ralph H. Rindt, F.E. Bliss, Lois Schlickau, Floyd O. Coen, Bob L. Moore, Anne Marie Worley, Art Howell, in their official capacity as members of Kansas Bd. of Agriculture.

Brent I. Anderson, Office of U.S. Atty., Wichita, KS, for Governor of State of Kan., in her official capacity, Receiver for the Kansas State Bd. of Agriculture.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

The court has before it in this matter a motion by the plaintiffs (Doc. # 116) to establish a deadline by which the legislature of the State of Kansas must devise a form of election of the Kansas State Board of Agriculture and its Secretary which passes federal constitutional scrutiny. This court, in two rulings affirmed by the Tenth Circuit Court of Appeals, found the previous form of government in violation of the Constitution of the United States and appointed the Governor of the State of Kansas ·as receiver for the Board in order to establish an immediate, but temporary, cure for the constitutional violation. *Hellebust v. Brownback,* 824 F.Supp. 1511 (D.Kan.1993), *aff'd,* 42 F.3d 1331 (10th Cir. 1994); *Hellebust v. Brownback,* 824 F.Supp. 1524 (D.Kan.1993), *aff'd,* 42 F.3d 1331 (10th Cir.1994). The defendants have responded to the motion by stating that they have no basis upon which to object to plaintiffs' request. After careful consideration, the court finds that plaintiffs' motion should be granted without delay and that a deadline shall be imposed, deferring to the Kansas Legislature to enact legislation which passes federal constitutional scrutiny by no later than June 1, 1995.

On May 7, 1993, this court held that the statutory procedure for electing members to the Kansas State Board of Agriculture violated the principle of "one person, one vote" under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and enjoined the Board from conducting further elections until the Kansas State Legislature enacted a constitutional scheme. *Hellebust,* 824 F.Supp. at 1524. The court then ordered certain provisional remedies and retained jurisdiction during the pendency of those remedies to insure their proper application. *Id.* at 1532.

On December 19, 1994, the Tenth Circuit affirmed the injunction as well as the relief crafted by the court. *Hellebust,* 42 F.3d at 1333–36. In addition, the appellate court forcefully suggested that this court establish a deadline by which the Kansas Legislature must act, to "prod the legislature to address

these orders" and to provide this court with an outer limit for its supervision. *Id.* at 1336. The Court of Appeals then remanded the case so that this court would retain jurisdiction until a constitutionally acceptable selection process was enacted. *Id.*

This court has held several telephone status conferences with the parties in this case during this legislative session to monitor the legislature's progress. During the telephone conference held on March 28, 1995, the parties informed the court that the legislature still had not passed remedial legislation which would address the orders of this court and the Court of Appeals. In fact, the Kansas Senate and the Kansas House had each passed different versions of a plan and, according to the parties, have refused to accept the other's version. As of the date of the conference, the parties were unaware of any proposed meeting by the House and Senate conference committee to work out the differences between the two plans. It appears now that such a meeting may have been scheduled, but the court has otherwise been made aware of no substantial movement to resolve the differences between the two houses. The court has been advised that both houses appear firmly committed to their competing remedial plans.[1]

In light of the foregoing, and in light of the defendants' acknowledgment that there is no legal basis upon which to object, the court finds that the Kansas Legislature shall have until June 1, 1995 to remedy the federal constitutional violations pertaining to the election structure of the Kansas State Board of Agriculture. This date is well after the legislature is supposed to adjourn and would give the legislature ample time to address these serious constitutional issues.

The court further reminds the parties, and others interested in this matter, that should the legislature not act by the deadline, the appointed receivership shall remain in place until a permanent solution is achieved. However, it is the intention of this court to bring a final resolution to this matter as expeditiously as possible. Therefore, should the legislature not act by June 1, 1995, the court will permit the parties, if they so choose, an opportunity to suggest a permanent remedy to be imposed by this court. In the event the legislature does not enact a new statutory scheme that comports with the Constitution of the United States, it appears appropriate for this court to order a permanent remedy. *See, e.g., Scott v. Germano,* 381 U.S. 407, 409–10, 85 S.Ct. 1525, 1526–27, 14 L.Ed.2d 477 (1965); *Simone v. MacPhail,* 291 F.Supp. 697, 700–01 (D.Kan.1968) (district court gave Kansas county opportunity to adopt a constitutionally permissible apportionment of districts and retained jurisdiction to enter, if necessary, an order for a valid reapportionment plan); *Long v. Avery,* 251 F.Supp. 541, 559 (D.Kan.1966) (district court afforded Kansas Legislature an opportunity to act, failing which, the court would enter an order for a valid plan to cure the federal constitutional violation).

It has never been this court's desire to tell the people of Kansas how a Board of Agriculture (or Agriculture Secretary) must be selected, although it has been this court's responsibility to strike down the former system. The time is well nigh for the peoples' representatives, to whom the responsibility for creating a constitutionally valid system is properly allocated, to complete their task. If they do not, this court will be compelled to fill the void.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion to establish a deadline for a legislative remedy (Doc. # 116) is granted.

**IT IS FURTHER ORDERED** that this court shall defer to the Kansas State Legislature until June 1, 1995 to address the orders of this court and the Tenth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that in the event that the Kansas State Legislature does not act, the parties shall have until July 31,

---

1. The court certainly understands that there is more than one way that this matter could be resolved and that the differing interests of a diverse Kansas citizenry must be carefully considered. Thus, the court has remained out of the picture, deferring to the legislature to accomplish that task. It cannot, and will not, however, ignore the direction of the Tenth Circuit to bring this issue to closure.

1995 to file appropriate motions and supporting memoranda in order to provide suggestions regarding establishment of a permanent remedy by this court. Any response shall be filed by August 15, 1995.

**IT IS SO ORDERED.**