**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARI SHETTY, KAVITA SOOD & NEIGHBORHOOD ELECTIONS NOW, <br><br> Appellants, <br><br> v. <br><br> CITY OF FOLSOM <br><br> Appellee. | Nos. 22-16146 <br><br> D.C. No. 2:22-cv-00534-JAM-JDP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Hon. John Mendez, Presiding

Argued and Submitted October 4, 2023
San Francisco, California

Before: W. FLETCHER, TALLMAN, and LEE, Circuit Judges.

This case arises from a challenge to the City of Folsom's at-large election system under state and federal laws. The district court dismissed with prejudice the federal law claims and declined supplemental jurisdiction over the state law claims, dismissing them without prejudice so that they could be refiled in state court. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In October 2020, the plaintiffs sent a demand letter to Folsom asserting that its at-large city council election system violated the California Voting Rights Act (CVRA) by decreasing Asian-American residents' influence on election outcomes. They demanded that Folsom transition immediately to by-district elections.

After wrangling in state court, Folsom eventually began transitioning to by-district elections and held public meetings to receive input on their new district map. But before the city officially adopted a proposed map, the plaintiffs sued in state court, alleging that—in addition to the CVRA—Folsom had violated (among other laws) Section 2 of the federal Voting Rights Act (VRA) and the Fourteenth and Fifteenth Amendments. After passing a resolution instituting by-district elections, Folsom removed the lawsuit to federal court and filed a motion to dismiss.

The district court dismissed the federal claims with prejudice and declined supplemental jurisdiction over the state claims, dismissing them without prejudice to permit the plaintiffs to refile them in state court. The plaintiffs now appeal, arguing that the district court erred in (1) dismissing their federal claims with prejudice, (2) exercising jurisdiction over the plaintiffs' state law CVRA claim, (3) dismissing rather than remanding their state claims, and (4) failing to abstain from hearing this case.

1.     <u>Dismissal with prejudice of the federal law claims.</u>  The district court did not err in dismissing the federal claims with prejudice. While courts generally

allow a plaintiff to file an amended complaint after dismissal, we may uphold a denial of leave to amend if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Mai v. United States*, 952 F.3d 1106, 1112 (9th Cir. 2020). In deciding whether amendment is futile, we may rely on any ground the record supports, even if it is different from what the district court relied on. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

Here, the plaintiffs have alleged two forms of intentional discrimination. First, under *Garza v. County of Los Angeles*, they allege that Folsom diluted Asian-American votes to preserve political incumbencies in violation of the VRA and Fourteenth Amendment. *See* 918 F.2d 763, 771 (9th Cir. 1990). Second, under *Larios v. Cox*, they allege that the council set a population variance target in violation of the Fourteenth Amendment. *See* 300 F. Supp. 2d 1320, 1338 (N.D. Ga. 2004), *aff'd* 542 U.S. 947 (2004). Neither claim could be saved by amendment.

Generally, a plaintiff may not allege intentional discrimination using only evidence of disparate impact. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). But *Garza* permits plaintiffs to proceed on disparate impact theories if they show that a defendant chose the impact as an "avenue" to preserve political incumbencies. 918 F.3d at 771. The plaintiffs here argue they have alleged *Garza* discrimination by showing that the Folsom council intentionally diluted Asian-American votes to preserve Republican incumbencies.

3

The plaintiffs' *Garza* claim suffers two fundamental flaws: First, Folsom's map does not dilute Asian-American votes. Instead, the allegedly diluted district is the whitest in Folsom, and the least diluted district is the most heavily populated with Asian Americans. Second, the plaintiffs have not offered any evidence that could support an inference of discriminatory intent—and the evidence they have offered largely supports the opposite inference.[1]

Next, the plaintiffs allege that Folsom's map violates the Fourteenth and Fifteenth Amendments because the Folsom council set a "guiding principle" of keeping the population variance around ten percent. The plaintiffs acknowledge that because Folsom's map has a variance below ten percent, the map is presumptively equal under *Harris v. Arizona Independent Redistricting Commission*, 578 U.S. 253, 259 (2016). The plaintiffs also acknowledge that to rebut that presumption, they must show it is "more probable than not" that Folsom's population variance stems from "illegitimate reapportionment factors rather than legitimate considerations."

---

[1] As evidence of discriminatory intent, the plaintiffs have offered (1) statements councilmembers made during public redistricting hearings, and (2) the decision to schedule the Asian-American district for election in non-gubernatorial years, when minority turnout may be low. However, the councilmember statements also show that the council sought to keep Asian-American voters together and protect them from population growth—and the plaintiffs concede that Folsom gave "no consideration to minority turnout" when scheduling elections, which means Folsom did not choose the election year to harm those voters. These allegations thus do not satisfy the plaintiffs' heavy burden to prove intent. *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1139 (9th Cir. 2023).

*Id.* (cleaned up).

The plaintiffs argue that they have rebutted the *Harris* presumption because, under *Larios*, merely setting a variance target proves discriminatory intent. *Larios*, 300 F. Supp. 2d at 1325, 1341. This reading stretches *Larios* too far. In *Larios*, a three-judge panel held that there was no safe harbor for population variance, meaning that cities do not have free reign to create districts using any criteria they wish—including racially discriminatory ones—so long as they keep total variance below a given percentage. *Id.* at 1338. As the Supreme Court explained in *Harris*, the *Larios* plaintiffs did not rely on population variance alone, but on evidence that the population variance "did not result from any" legitimate considerations. 578 U.S. at 264.

Here, the plaintiffs' evidence shows that Folsom set a variance target because the Folsom council wanted to maximally under-populate the Asian-American district to protect it against expected population growth. The plaintiffs concede that cities may consider population growth, especially to protect minority voters. *Garza*, 918 F.2d at 772. Folsom's population variance is thus legitimate, and the plaintiffs' *Larios* claim fails.

Because no additional facts could overcome the problems with plaintiffs' federal claims, any amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995*)*.

5

2. Supplemental jurisdiction over CVRA claim. The plaintiffs argue that the district court erred by exercising subject-matter jurisdiction over the CVRA claim. Ordinarily, a party waives its objection to the discretionary exercise of supplemental jurisdiction when it fails to raise the objection before the district court. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The plaintiffs concede that they did not object to the exercise of supplemental jurisdiction before the district court. Accordingly, the plaintiffs waived their objection. *Acri*, 114 F.3d at 1000.

3. Dismissal of state law claims. The district court did not err in dismissing, rather than remanding, the state law claims after dismissing the federal claims. Absent prejudice to the plaintiffs, district courts have discretion to decide whether to remand or dismiss state claims when declining to exercise jurisdiction over those claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–52 (1988). The plaintiffs here have not identified any prejudice and have already refiled their state law claims in California state court. Remand would thus be a "waste of judicial resources." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 n.8 (9th Cir. 2010).

4. *Germano* abstention. Finally, the plaintiffs appeal on the basis of *Germano* abstention. *Scott v. Germano* holds that federal courts should abstain from impeding states' rights to apportion their legislatures. 381 U.S. 407, 408 (1965). If unresolved state districting decisions affect federal claims, *Germano* may also

6

require a district court to stay those claims until the state adopts a final plan. *See Benavidez v. Eu*, 34 F.3d 825, 833–34 (9th Cir. 1994). *Germano* abstention does not apply here because the district court did not impede the state's right to apportion its legislature—it dismissed the case. Moreover, the federal claims did not depend on any unresolved state districting decisions because Folsom adopted its final map before the case was removed.

**AFFIRMED.**[2]

---

[2] The plaintiffs' motions to strike the Supplemental Excerpts of Record, **ECF No. 35**, and for judicial notice, **ECF No. 45**, are denied as moot. Folsom's unopposed motion for judicial notice of the refiled state law case, **ECF No. 34**, is granted.